## LEIBY, Estate of, in re.

Ohio Appeals, Second District, Franklin County.

No. 4493.   Decided October 24, 1950.

Andrew J. White, Noel L. Greenlee, Columbus, for William C. Leiby, administrator-appellee.

Matthew L. Bigger, Columbus, for Verda Cosgrove, respondent-appellant.

## OPINION

By THE COURT.

This action arose in the Probate Court of Franklin County. It was brought under §10506-67 GC, for the discovery of concealed assets. The appellant was found guilty of the charge and in accordance with §10506-73 GC, a judgment was rendered against her and in favor of the administrator of the estate in the sum of $56,617.95.   On July 3, 1950, the motion for a new trial was overruled and notice of appeal was filed on July 19, 1950, upon questions of law and also upon questions of law and fact.   No appeal bond has been filed, the time for which has now expired.   The appellant now files a motion requesting this court to issue a writ of supersedeas or stay of execution without the giving of a bond in conformance with §12223-9 GC.   The appellant urges that since the statute imposes a 10 per cent penalty for its violation and which penalty was included in the judgment, that this action is in the nature of a criminal proceeding and therefore §12223-9 GC has no application; that this court has the power and duty to grant a stay of execution and "where there are important questions of law involved, where serious irreparable loss will be visited on the party appealing where judgment may be reversed, where

plain, simple justice requires it, and especially where the judgment creditor has a lien on the real estate of the alleged judgment debtor." Citing §1514 GC which provides:

"In addition to the original jurisdiction conferred upon it by section six of article four of the constitution, the court on good cause shown, may issue writs of supersedeas in any case, and all other writs not specially provided for, nor prohibited by statute, which may be necessary to enforce the due administration of justice."

We do not think this statute authorizes us to order a stay of execution in violation of the requirements of §12223-9 GC, which provides:

"No appeal shall operate as a stay of execution except as hereinafter provided, unless and until a supersedeas bond be executed on the part of the appellant to the adverse party * * *."

The supersedeas is here sought because of the appeal which it is urged may reverse the judgment and in such case if not allowed would cause an irreparable injury to the appellant. The same could be said of any case in which there is a money judgment. This case is not an unusual one but the same as any other in which there is a money judgment. It is not a criminal case because of the penalty added. The rules of civil procedure are applicable just the same as they are in tax cases where penalties are often imposed. It is our conclusion that on an appeal on questions of law from a judgment there can be no stay of execution or supersedeas thereof unless a bond is given. See 2 O. Jur., Section 274, page 544.

The motion will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON MOTION TO DISMISS APPEAL

No. 4493. Decided November 3, 1950.

### OPINION

By THE COURT.

Submitted on motion to dismiss the appeal on questions of law and fact for the reason that no appeal bond has been filed as required by §12223-6 GC, and the time for which has expired. The motion will be sustained, but the cause will be retained for determination on questions of law. The appellant will be granted leave to perfect the appeal in accordance with Supplement to Rule VII of this Court.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.